HAHNEL BROS. & COMPANY *vs.* ALFRED HANSON & SON, et. al.

and

THE FIRST CONGREGATIONAL CHURCH OF GARDINER.

Kennebec.    Opinion October 15, 1920

*Bill in equity to enforce a mechanic's lien. Appeal from finding of sitting Justice sustaining the bill. Burden of proof upon defendant to show decree appealed from to be clearly wrong. Decree modified to conform to an admission.*

This is a bill in equity brought to enforce a lien claim for work done and materials furnished in repairing the First Congregational Church of Gardiner.

The sitting Justice in his decree found that the plaintiff has a valid mechanic's lien upon said land and buildings for the sum of twelve hundred and sixty-four and 98-100 dollars, and interest from the date of the bill. From which decree the defendant appealed.

*Held:*

1. The sitting Justice sustained the plaintiff's contention, and, as to the facts so found, the decree must stand unreversed, because the defendants have failed to maintain the burden of showing that the decree is clearly wrong.

2.   The decision of a single Justice upon matters of fact in an equity hearing, should not be reversed unless it clearly appears that such decision is erroneous. The burden to show the error falls upon the defendant. He must show the decree appealed from to be clearly wrong, otherwise it will be affirmed.

3.   But it is apparent from the record that in settling the decree the sitting Justice overlooked the fact necessarily found, that the last work "was done on December 15, 1917," and ordered judgment for the full amount claimed as above, when the same should have been reduced by deducting therefrom two hundred and fifty dollars as provided in the admission in the record.

The decree will be modified by reducing the amount so found to be due from $1264.98 to $1014.98, and ordering judgment against Alfred Hanson & Son for $250, with interest from the date of the bill.

This is a bill in equity to enforce a mechanic's lien for labor and materials furnished by plaintiffs to defendants as contractors in repairing the First Congregational Church of Gardiner. The cause was heard on bill, answer and proof, and an admission in writing entered of record to be binding on both parties, which reads as follows: "It is agreed that if on the allegations in the bill, supplemented by evidence of the fact that the last labor under the slating contract mentioned as the first item on the bill was done on December 15, 1917, for labor and materials furnished, judgment can be rendered against the Church on the lien demand so reserved for the amount of the bill less $250, and judgment against Alfred Hanson & Son for the balance." The sitting Justice found that the plaintiffs had a valid mechanic's lien from which decree the defendant appealed. The decree of $1,264.98 was modified by reducing the amount of the decree to $1,014.98, in conformity with the written admission. Appeal dismissed. Bill sustained. Decree in accordance with the opinion.

Case stated in the opinion.

*Getchell & Hosmer*, for plaintiff.

*McLean, Fogg & Southard*, for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J.   This is a bill in equity brought to enforce a lien claim for work done and materials furnished in repairing the First Congregational Church of Gardiner. Alfred Hanson & Son were the contractors. The bill alleges, "That at the special instance

and request of said defendants, Alfred Hanson and Henry A. Hanson the plaintiffs, furnished certain material to the value of twelve hundred sixty-four dollars, ninety-eight cents ($1264.98) in repairing and improving a certain building with the appurtenances, standing upon a lot of land owned by said association or corporation otherwise the owner of which is to the plaintiff unknown, which lot of land is situated in Gardiner in said County of Kennebec located on Brunswick Avenue, so called, in said Gardiner;" and "that said materials were furnished by consent of said Congregationalist Church Society, so called, the owner of said building and land and by virtue of a contract with said Alfred Hanson and Henry A. Hanson who were not at the time said materials were furnished the owners of said building and its appurtenances nor the lot or land on which said buildings, its appurtenances stand."

The cause came on to be heard on February 19, 1919, and in addition to the documentary evidence, there was entered of record an admission to be binding on both parties, which reads as follows: "It is agreed that if on the allegations in the bill, supplemented by evidence of the fact that the last labor under the slating contract mentioned as the first item on the bill was done on December 15, 1917, for labor and materials furnished, judgment can be rendered against the Church on the lien demand so reserved for the amount of the bill less $250, and judgment against Alfred Hanson & Son for the balance."

The sitting Justice in his decree found that the plaintiff has a valid mechanic's lien upon said land and buildings for the sum of twelve hundred and sixty-four and 98-100 dollars, and interest from the date of the bill. From which decree the defendant appealed.

The record discloses that there was controversy as to whether the lien claimed had been seasonably perfected, the plaintiff contending that some of the labor performed and material furnished under the slating contract were actually done or furnished on December 15, 1917. The defendants contended that the lien was not preserved and cannot be enforced, because it is alleged in the bill that the last items were furnished on the 20th of November, 1917, and that the statement required by statute was filed in the office of the city clerk of Gardiner more than sixty days after the last labor was performed or materials furnished.

The sitting Justice sustained the plaintiff's contention, and, as to the facts so found, the decree must stand unreversed, because the defendants have failed to maintain the burden of showing that the decree is clearly wrong.

"The decision of a single Justice upon matters of fact in an equity hearing, should not be reversed unless it clearly appears that such decision is erroneous." "The burden to show the error falls upon the defendant." "He must show the decree appealed from to be clearly wrong, otherwise it will be affirmed." *Young* v. *Witham*, 75 Maine, 536; *Paul* v. *Frye*, 80 Maine, 26; *Hartley* v. *Richardson*, 91 Maine, 424.

But it is apparent from the record that in settling the decree the sitting Justice overlooked the fact necessarily found, that the last work "was done on December 15, 1917," and ordered judgment for the full amount claimed as above, when the same should have been reduced by deducting therefrom two hundred and fifty dollars as provided in the foregoing admission.

The decree will be modified by reducing the amount so found to be due from $1264.98 to $1014.98, and ordering judgment against Alfred Hanson & Son for $250, with interest from the date of the bill.

*Appeal dismissed.*
*Bill sustained.*
*Decree in accordance with*
*this opinion.*